UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KENDAN ELLIOTT, individually, and as next friend of S. J. E., a minor, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:19-cv-00190-JAR |
| MANHATTAN CRYOBANK, INC., LIFEPRINT GROUP, INC., CN GENETIC PARTNERS LLC, and CCB-MCB, LLC, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

This matter comes before the Court on the separate motions of Defendants CN Genetic Partners, LLC and CCB-MCB, LLC for leave to file their disclosure of organizational interests certificates under seal. (Doc. Nos. 8 and 30). For the reasons set forth below, the motions will be denied.

**I. Background**

This lawsuit arises out of a transaction between the parties involving the purchase of sperm and a subsequent birth defect. On February 7, 2019, Defendants Manhattan Cryobank, Inc., LifePrint Group, Inc., and CN Genetic Partners, LLC, removed this action to federal court on the basis of diversity jurisdiction. (Doc. No. 1). Defendant CN Genetic Partners, LLC filed a motion for leave to file its disclosure of organizational interests under seal, stating that it wished to protect the privacy of its individual members due to the amount of media attention surrounding this case. Plaintiff opposed the motion, arguing that sealing the disclosure of organizational interests interferes with the public's access to judicial records and documents.

1

Thereafter, CCB-MCB, LLC filed a motion for leave to file its disclosure of organizational interests under seal that is substantially identical to that filed by CN Genetic Partners.

## II. Discussion

There is a common-law right of access to judicial records. *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978)). "[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents," but "the right to inspect and copy judicial records is not absolute." *Id.* at 597–98 (footnotes omitted). "This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings and to keep a watchful eye on the workings of public agencies." *Id.* (citations and quotations omitted). "It also provides a measure of accountability to the public at large, which pays for the courts." *Id.* (citing *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.,* 178 F.3d 943, 945 (7th Cir. 1999)).

"A party seeking closure or sealing of court documents must show that a restriction of the right of public access is necessitated by a compelling government interest." *S.E.C. v. Shanahan*, No. 4:06-MC-546 CAS, 2006 WL 3330972, at *3 (E.D. Mo. Nov. 15, 2006) (citing *Goff v. Graves,* 362 F.3d 543, 550 (8th Cir. 2004) (citations omitted). "[O]nly the most compelling reasons can justify non-disclosure of judicial records." *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006) (quoting *In re Gitto Global Corp.,* 422 F.3d 1, 6 (1st Cir. 2005)).

Nonetheless, the Supreme Court has stated that the "right to inspect and copy judicial records is not absolute." *Nixon*, 435 U.S. at 597. Access may be denied when court files "might have become a vehicle for improper purposes," including being used to "gratify private spite or promote public scandal," like the details of a divorce case. *Id.* (citations omitted). "Similarly,

courts have refused to permit their files to serve as reservoirs of libelous statements for press consumption . . . or as sources of business information that might harm a litigant's competitive standing." *Id.* (citations omitted).

CN Genetic Partners urges the Court to adopt the reasoning set forth in *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) to prevent disclosure. There, the Second Circuit held that "the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts," and that where the document plays only a negligible role in the performance of a court's Article III duties, the weight of the presumption is low. 71 F.3d at 1050. CN Genetic Partners argues that the disclosure form is merely a tool for federal judges to identify conflicts of interest and is not related to the merits of the case. Thus, it maintains that the privacy interest of its members outweighs the presumption of public disclosure.

However, Eighth Circuit precedent indicates that in order to seal records or documents, there must be a compelling governmental interest. *Goff*, 362 F.3d at 550; *see also Shanahan*, 2006 WL 3330972, at \*4 (holding that "the respondents' interest in keeping their names out of the public record is not a governmental interest at all, but rather a private interest"). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Shanahan*, 2006 WL 3330972 at \*4 (citing *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

Further, there is no evidence that the court files might be used for improper purposes, such as to gratify private spite or promote public scandal, or that the disclosure of organizational

interests harm Defendants' competitive standing. Therefore, the motions for leave to file the disclosure of organizational interests certificates under seal will be denied.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant CN Genetic Partners, LLC's motion for leave to file its disclosure of organizational interests certificate under seal (Doc. No. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant CCB-MCB, LLC's motion for leave to file its disclosure of organizational interests certificate under seal (Doc. No. 30) is **DENIED**.

Dated this 20th day of March, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE