UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KENDAN ELLIOTT, individually, and as next friend of S. J. E., a minor, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:19-cv-00190-JAR |
| MANHATTAN CRYOBANK, INC., LIFEPRINT GROUP, INC., CN GENETIC PARTNERS LLC, and CCB-MCB, LLC, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

This matter comes before the Court on Defendants' collective motion to transfer venue pursuant to 28 U.S.C. § 1404(a). (Doc. No. 19). Plaintiff opposes the motion. (Doc. No. 23). Defendants filed a reply (Doc. No. 24), and Plaintiff filed a sur-reply (Doc. No. 34). For the reasons set forth below, the motion will be granted.

### I. Background

This lawsuit arises out of a transaction in which Plaintiff and his domestic partner entered into an Agreement for Purchase of Donor Sperm ("the Agreement") with Defendant Manhattan Cryobank, Inc. Among other provisions, the Agreement includes an acknowledgement that Manhattan Cryobank had performed a complete and thorough screening of its sperm donors for inheritable birth defects and diseases. The Agreement also contains the following paragraph, which the parties agree acts as a forum selection clause:

> 26. **Arbitration:** All claims and disputes between or among the parties relating in any way to this agreement or its negotiable performance, interpretation, validity or breach, or to any other rights, duties whether or not arising under this agreement, shall be settled by final and binding arbitration in accordance with the

1

> then current Commercial Arbitration Rules of JAMS. Demand for arbitration shall be made within six (6) months after the dispute in question has arisen or be forever barred. The arbitration shall take place in New York, NY, before a single neutral arbitrator from the JAMS panel. Judgment on the award rendered by the arbitrator may be entered in any court in the City and County of New York. This Agreement shall be interpreted in accordance with New York law, excluding conflict of law principles.

Doc. No. 19-1 at ¶ 26.

Thereafter, Plaintiff's partner was inseminated with sperm from "Donor 184" that was purchased from Manhattan Cryobank. On November 27, 2015, Plaintiff's partner gave birth to S. J. E., who was diagnosed with alpha thalassemia, a rare blood disorder. Plaintiff alleges in the amended complaint that Manhattan Cryobank had represented to Plaintiff that it had screened its sperm donors for genetic defects, including alpha thalassemia, and that Donor 184 did not carry the trait. Plaintiff claims the representation was false, since S. J. E. was born with alpha thalassemia, a genetic trait that is only passed along to the child if both the mother and father possess the trait.

On February 7, 2019, Plaintiff filed this lawsuit against Defendants, and his amended complaint asserts the following claims individually and as next friend of S. J. E.: (1) products liability; (2) fraudulent inducement; (3) violation of the Missouri Merchandising Practices Act; (4) negligent misrepresentation; (5) fraud; and (6) successor liability. Plaintiff seeks compensatory damages totaling $3,635,554 for the future medical care costs required to treat S. J. E.'s disease, as well as punitive damages and attorney's fees. Doc. No. 11.

On February 13, 2019, Defendants filed a motion to transfer venue pursuant to the Agreement's forum selection clause. Plaintiff opposes the motion, arguing that he was fraudulently induced into the Agreement, that the Agreement was not the fruit of an arm's length negotiation, and that enforcement of the Agreement would be unreasonable and unjust. He

further argues that S. J. E. was not a party to the Agreement, and thus cannot be bound by the Agreement's forum selection clause. Lastly, Plaintiff maintains that public interest factors weigh against transfer.

**II. Discussion**

    **a. Validity of the Forum Selection Clause**

Under federal law,[1] "[f]orum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching." *M.B. Rests., Inc. v. CKE Rests., Inc.*, 183 F.3d 750, 752 (8th Cir. 1999) (citing *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15 (1972)). Plaintiff argues that the forum selection clause in the Agreement is invalid because he entered into the Agreement as a result of fraudulent misrepresentations, and enforcement of the clause would be unreasonable and unjust.

A "forum-selection clause in a contract is not enforceable if the inclusion of that clause in the contract was the product of fraud or coercion." *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 519 n.14 (1974). However, general allegations of fraud in the inducement are insufficient to raise an issue that the forum-selection clause may be unenforceable because of fraud. *Marano Enters. of Kansas v. Z-Teca Rests., L.P.*, 254 F.3d 753, 757 (8th Cir. 2001). In *Marano Enterprises*, the plaintiff made allegations in its complaint that it was induced by fraud to enter into contracts containing forum selection clauses. *Id.* Finding that there was no suggestion in the complaint or briefs that the forum selection clauses "were inserted into the agreements as a

---

[1] The Eighth Circuit has indicated its general agreement with the proposition that in a diversity case, federal law controls whether a forum selection clause applies, *Rainforest Café, Inc. v. EklecCo, L.L.C.*, 340 F.3d 544, 546 (8th Cir. 2003) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31–32 (1988)), but it has not definitively so held and consequently the application of state or federal law appears to be an open question. *Id.* Here, both parties cite federal law in their briefings. Thus, the Court will examine the issue under federal law.

3

result of fraud," the Eighth Circuit flatly rejected the plaintiff's argument that it could avoid the forum selection clause because it asserted there was fraudulent inducement. *Id.*

Here, Plaintiff does not allege in his amended complaint that the forum selection clause in the Agreement was obtained through fraud. Instead, he alleges that he entered into the Agreement based on Manhattan Cryobank's false representations regarding its performance of a complete and thorough screening for inheritable birth defects in the semen of its donors. Plaintiff makes detailed allegations about what the alleged misrepresentations were, but there are no allegations in the amended complaint concerning a forum selection clause. In other words, there is nothing to indicate that the inclusion of the forum selection clause was the product of fraud or coercion. As a result, under Supreme Court and Eighth Circuit precedent, the clause is presumed valid. *See Scherk*, 417 U.S. at 519 n.14; *Marano Enters.*, 254 F.3d at 757.

Plaintiff relies on *Alberici Constructors, Inc. v. Oliver*, No. 4:11-CV-744 (CEJ), 2012 WL 2191280, at *2 (E.D. Mo. June 14, 2012), in which the district court held that the plaintiff's factual allegations supported a claim of fraud in the inducement, and thus enforcement of the forum selection clause would be unreasonable. The Court, however, believes the facts as pled in this case are more closely aligned to the *Marano Enterprises* case, where a claim of fraud in a contract dispute was insufficient to defeat a forum selection clause. 254 F.3d at 757.

Plaintiff also argues that enforcement of the forum selection clause would be unjust and unreasonable because it was not the product of an arms-length negotiation and there was unequal bargaining power between Plaintiff and Manhattan Cryobank, a sophisticated business. Forum selection clauses are not unenforceable merely because the parties did not engage in actual negotiations concerning the clause. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593 (1991) (rejecting the proposition that "a nonnegotiated forum-selection clause in a form ticket

4

contract is never enforceable simply because it is not the subject of bargaining"); *M.B. Rests., Inc.*, 183 F.3d at 753 ("The fact that the contract was a form contract and that the individual clauses were not actually negotiated does not render the [forum selection] clause per se unenforceable.").

Here, Plaintiff's bare assertion that he "was not given an opportunity to negotiate the terms of the Agreement" and "was forced to enter into the Agreement in order to have the sperm shipped to his fertility specialist" is insufficient as a matter of law to establish that the forum selection clause is unenforceable. The absence of negotiation between the parties alone is insufficient to invalidate a forum selection clause, and there is no evidence to support Plaintiff's claim that he was forced to enter into the Agreement. In fact, Plaintiff states in his amended complaint that he considered "several cryobanks, including Fairfax Cryobank and California Cryobank, before deciding on [Manhattan Cryobank]." Am. Compl. at ¶ 1. It appears from the face of the amended complaint that if the terms of the Agreement were unacceptable to him, Plaintiff could have obtained donor sperm elsewhere, thus defeating his claim that he was forced into the Agreement with Manhattan Cryobank.

Further, Plaintiff has failed to establish that the inclusion of the forum selection clause in the Agreement was unconscionable. *See, e.g.*, *Dick Proctor Imports, Inc. v. Sumitomo Corp. of Am.*, 486 F. Supp. 815, 818 (E.D. Mo. 1980) ("Though plaintiff's witnesses may be located in Missouri, defendant's witnesses are likely to find New York more convenient. Any inconvenience to plaintiff should have been foreseen when the agreement was signed."); *Fitzgibbons v. Hill-Rom Co., Inc.*, Cir. 12-4009, 2012 WL 12548936, at *3 (D.S.D. June 28, 2012) ("The mere existence of unequal bargaining positions is not sufficient to show that the forum-selection clause was unconscionable."); *Griggs v. Credit Sols. of Am., Inc.*, No. 4:09-

5

CV-0177- ERW, 2010 WL 2653474, at *2 (E.D. Mo. June 29, 2010) (holding that "a disparity in bargaining power, standing alone, is insufficient to set aside a forum selection clause").

In sum, the Court finds that Plaintiff has failed to carry his "heavy burden" of demonstrating that the forum selection clause is invalid. *See M/S Bremen*, 407 U.S. at 17 (holding that a forum-selection clause is binding on the parties unless the plaintiff can meet the heavy burden of showing that its enforcement would be unreasonable, unfair, or unjust). Therefore, the Court turns to the remaining factors in its § 1404(a) analysis.

### b. Enforceability of Forum Selection Clause

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In a case not involving a forum selection clause, a district court must evaluate both the convenience of the parties and various public-interest considerations. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 62 (2013).

If there is a valid forum-selection clause, however, the district court may only consider arguments about public interest factors. *Id.* "Public-interest factors may include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'" *Id.* (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n.6 (1981)). Public-interest factors "will rarely defeat a transfer motion" with "the practical result . . . that forum-selection clauses should control except in unusual cases." *Id.* "[P]roper

application of § 1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases." *Id.* at 59-60 (internal citations omitted).

Plaintiff argues that the convenience of the parties and witnesses, as well as the interests of justice—including Plaintiff's choice of forum, the benefit of having a court sitting in the forum decide questions of local law, and the comparative costs to the party litigating in each forum—weigh against transfer. However, these are traditional § 1404(a) factors. The presence of a forum selection clause requires the Court to consider arguments about public interest factors only. *Atl. Marine Const. Co.*, 571 U.S. at 67.

Plaintiff maintains that public interest factors also weigh against transfer. Specifically, Plaintiff claims that the Southern District of New York has a much higher number of pending cases than the Eastern District of Missouri, and is thus more congested. He also argues that Missouri courts have a greater interest in protecting the children and residents of Missouri than a court in New York and, because the case involves the application of Missouri common and statutory law, this Court is better suited to resolve the case. Lastly, Plaintiff contends that S. J. E. was not a party to the Agreement, and thus her claims would need to be severed, which in turn undermines judicial economy.

Here, the fact that New York district courts experience a higher volume of cases filed is not dispositive, particularly since Plaintiff does not take into account the number of judges presiding over cases in that venue. Further, although Plaintiff's complaint includes allegations under Missouri law, the Agreement provides that it "shall be interpreted in accordance with New York law, excluding conflict of law principles." (Doc. No. 19-1 at ¶ 26). Thus, while Missouri may have an interest in interpreting its laws and protecting its children and residents, New York also has an interest in interpreting its laws and contracts formed thereunder. Moreover,

7

Defendants represent that the New York district court is familiar with the facts underlying this matter,[2] and, upon transfer, Defendants will seek arbitration of the case pursuant to the Agreement, which mandates that judgment on any award rendered by the arbitrator may be entered in any court in the city or county of New York.

As to Plaintiff's claim that S. J. E. is not bound by the Agreement, "a non-signatory is nevertheless bound by the agreement where the non-signatory is 'closely related' to the dispute such that it is foreseeable that it will be bound." *Marano Enterps.,* 254 F.3d at 757–58 (quoting *Hugel v. Corp. of Lloyd's,* 999 F.2d 206, 209 (7th Cir. 1993)). Here, it was foreseeable that S. J. E.—the subject of the Agreement and thus closely related to the dispute—would be bound by the Agreement signed by her parents. Lastly, there are no unusual or exceptional circumstances that warrant setting aside the clause. *See Atl. Marine Const. Co.*, 571 U.S. at 52 (finding that, where there is a valid forum selection clause, "a district court should transfer the case unless extraordinary circumstances . . . clearly disfavor a transfer").

In sum, the Court finds that the relevant factors in the § 1404(a) analysis in light of the existence of a valid, enforceable forum selection clause indicate that this case should be transferred to the Southern District of New York. Plaintiff failed to carry his "heavy burden" of demonstrating that the forum selection clause is unenforceable, as he failed to establish that the clause was the product of fraud or overreaching, or that it is otherwise so unreasonable that it would deprive him of a fair opportunity to litigate his claims. The remaining factors are either balanced or weighed in Defendants' favor. Therefore, the Court concludes that the clause will be

---

[2] The Court notes that Plaintiff's partner, on her own behalf and on behalf of S. J. E., arbitrated claims, including wrongful life, malpractice, and negligence claims, arising under the same facts as this litigation.

given effect and this action will be transferred to the Southern District of New York. *See Griggs*, 2010 WL 2653474, at *4.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to transfer venue is **GRANTED**. Doc. No. 19.

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1404(a), this action shall be transferred to the United States District Court for the Southern District of New York.

Dated this 22nd day of March, 2019.

/s/ John A. Ross
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE